# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

September 9, 2016

## **LETTER ORDER/OPINION**

Re:  **D.E. 55, Plaintiff's Request for Leave to File an Amended Complaint**
     **Markoglu v. Experian Corporation, et al.**
     **Civil Action No. 2:15-cv-07508 (SDW)(SCM)**

Dear Litigants:

This matter comes before the Court by way of Plaintiff Anesti Markoglu's ("Mr. Markoglu") request for leave to file an amended complaint against Defendant, Federated Capital Corporation ("Federated") and four new defendants.[1]  The proposed amended complaint alleges that defendants perpetrated legal fraud against Mr. Markoglu.[2]  In opposition, Federation argues no claims could survive against the new parties making the amendment futile.[3]  The Court heard oral arguments on August 29, 2016 and has considered the parties' positions.[4]  For the reasons set forth herein, Mr. Markoglu's request for leave to file an amended complaint is denied.

---

[1]  (ECF Docket Entry ("D.E.") 55).

[2]  (*Id.*).

[3]  (D.E. 61 at 4).

[4]  At oral argument, defense counsel stated Mr. Markoglu's fraud claim would be barred by the statute of limitations.  Allegations of fraud are governed by a six-year statute of limitations. *N.J.S.A.* 2A:14-1. This case was filed on October 15, 2015.  (D.E. 1).  The date of the testimony

I. MAGISTRATE JUDGE AUTHORITY

"The decision to grant a motion for leave to amend is within the sound discretion of the District Court."[5] The District Court for this District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[6] "Motions to amend are usually considered non-dispositive motions."[7] A magistrate judge's decision on a motion to amend must therefore be upheld unless "clearly erroneous or contrary to law."[8]

II. LEAVE TO AMEND

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a district court "should freely give leave" to amend pleadings "when justice so requires."[9] A district court may alternatively deny a motion to amend where the amendment would result in undue delay, prejudice, or futility.[10] "An amendment is futile if the amended complaint would not survive a motion to

---

at-issue has not been provided, but the underlying case was filed on November 14, 2007 and marked "final judgment" on April 7, 2010. See N.J. Courts Public Access (https://portal.njcourts.gov/webe6/ACMSPA/entry) docket for *Federated Financial v. Markoglu*, MRS-DC-010459-07. Thus, it is not clear whether Mr. Markoglu's proposed claims are time barred.

[5] *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

[6] *See* L. Civ. R. 72.1(a)(1).

[7] *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001).

[8] 28 U.S.C. § 636(b)(1)(A).

[9] Fed. R. Civ. P. 15(a)(2).

[10] *See Winer Family Tr.*, 503 F.3d at 330-31.

dismiss for failure to state a claim upon which relief could be granted."[11] Thus in determining futility the same legal standard employed under a Rule 12(b)(6) motion to dismiss is applied.[12] The Court takes "all pleaded allegations as true and view[s] them in a light most favorable to the plaintiff;" however, it "need not accept sweeping legal conclusions cast in the form of bald assertions, unwarranted inferences, or unsupported conclusions."[13] The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

### III. THE PROPOSED AMENDED COMPLAINT

The Court initially denied Mr. Markoglu's request for leave to amend without prejudice.[16] Subsequently and in accordance with the governing Scheduling Order, Mr. Markoglu filed the instant request for leave to amend his complaint.[17] The proposed amended complaint seeks to add a legal fraud claim against Federated and four new parties as a result of events arising out of

---

[11] *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 488–89 (D.N.J. 2014) (quoting *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir.2000)).

[12] *See id.* at 488-89 (internal citations omitted).

[13] *Winer Family Tr.*, 503 F.3d at 331; *Gutwirth*, 38 F. Supp. 3d at 489 (internal citations and quotation marks omitted).

[14] *Gutwirth*, 38 F. Supp. 3d at 489 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

[15] *Matthews v. New Jersey Inst. of Tech.*, 717 F. Supp. 2d 447, 451 (D.N.J. 2010) (quoting *Ashcroft*, 556 U.S. at 662).

[16] (D.E. 47).

[17] (D.E. 55).

3

previous state court litigation.[18] In the state court proceedings, Mr. Markoglu alleges that the proposed defendants provided false testimony and submitted false documents to establish that he owed a debt to Federated thereby preventing him from obtaining an extension of credit.[19]

To establish a cause of action for legal fraud under New Jersey law, a plaintiff must show: "(1) a material representation of a present or past fact (2) with knowledge of its falsity (3) with the intention that the other party rely thereon (4) . . . which resulted in reasonable reliance by plaintiff and (5) which resulted in damages."[20] The proposed amended complaint alleges that Federated committed legal fraud because it "had knowledge that Plaintiff's identity was stolen" but nevertheless brought a state court action against him to collect the debt.[21] Mr. Markoglu's claims are facially deficient and amount to "unwarranted inferences, or unsupported conclusions" which cannot meet the plausibility standard. In support of the proposed amendment, Mr. Markoglu also contends transcripts from the state court proceedings demonstrate that defendants "lied under oath and falsified documents" but no transcripts have surfaced, in whole or in part.[22] While the Court takes "all pleaded allegations as true and view[s] them in a light most favorable to the plaintiff," it "cannot consider matters extraneous to the pleadings" in determining the plausibility of Mr.

---

[18] (D.E. 55 ¶¶ 1-11 at 36-38); *see Federated Fin. Corp. of Am. v. Markoglu*, No. A-4624-07T2, 2010 WL 546708 (N.J. Super. Ct. App. Div. Feb. 18, 2010), *aff'd*, No. A-4082-09T3, 2012 WL 671716, *1 (N.J. Super. Ct. App. Div. Mar. 2, 2012).

[19] (D.E. 55 ¶¶ 8-10 at 37).

[20] *Marsellis-Warner Corp. v. Rabens*, 51 F. Supp. 2d 508, 521 (D.N.J. 1999).

[21] (D.E. 55 ¶¶ 6-7 at 37).

[22] (D.E. 64 at 2).

Markoglu's claim.[23] The facts must sufficiently show the plausibility of legal fraud, not mere possibility.[24] As such, the Court finds that the proposed amendment is futile because it "fail[s] to state a claim upon which relief could be granted."

For these reasons, Mr. Markoglu's request for leave to file an amended complaint is **DENIED**. The Clerk's Office shall provide Plaintiff Markoglu with a copy of this letter. **IT IS SO ORDERED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/9/2016 7:14:12 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties

    File
c (via U.S. Mail):

Mr. Anesti Markoglu
22 Whippany Road
Whippany, NJ 07981

---

[23] *Winer Family Tr.*, 503 F.3d at 331; *see Marks v. Struble*, 347 F. Supp. 2d 136, 143 (D.N.J. 2004) (internal citations omitted).

[24] *See Matthews*, 717 F. Supp. 2d at 451.