**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| ANESTI MARKOGLU,<br><br>    Plaintiff,<br>v.<br><br>EXPERIAN CORPORATION, et al,<br><br>    Defendants. | Civil Action No.<br><br>2:15-cv-07508-SDW-SCM<br><br>**ON INFORMAL CROSS-MOTIONS TO ENFORCE SETTLEMENT AND TO REOPEN AND ADD AN ADDITIONAL DEFENDANT [D.E. 109, 110]** |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

  Before this Court are cross-motions from *pro se* Plaintiff Anesti Markoglu ("Mr. Markoglu") to withdraw from settlement, re-open the case, add an additional Defendant, and impose sanctions,[1] and Defendant Federated Capital Corporation ("Federated Capital") to enforce settlement and award sanctions on any further "frivolous . . . letters and motions."[2] The Honorable Susan D. Wigenton, United States District Judge, referred these motions to the undersigned for a report and recommendation.[3] Upon consideration of the parties' submissions, the oral argument

---

[1] (ECF Docket Entry No. ("D.E.") 101, 105, 107, 110).

[2] (D.E. 109 at 3).

[3] *See* L. Civ. R. 72.1(a)(2).

held on October 24, 2017, and for the reasons stated below, it is respectfully recommended that the motion to withdraw/reopen be denied and motion to enforce be granted.[4]

I. **BACKGROUND AND PROCEDURAL HISTORY**[5]

Mr. Markoglu filed the instant action with this Court on October 15, 2015 under the Fair Credit Reporting Act[6] and the Fair Debt Collection Practices Act[7] alleging Defendant Federated Capital had caused an "inaccurate and unauthorized inquiry" to appear on his credit report.[8] Mr. Markoglu and Federated Capital participated in no fewer than nine status and settlement conferences with the Court. At the March 13, 2017 in-person settlement conference, Mr. Markoglu and Federated Capital reached a settlement on the record.[9] Following the failure of the parties to finalize settlement, the Court issued an Order on July 25, 2017 instructing Federated Capital to "finalize settlement terms within fourteen (14) days . . . and provide payment to Mr. Markoglu within fourteen (14) days thereafter."[10]

---

[4] With respect to the cross-motions for sanctions, this Court finds Mr. Markoglu's request to be without merit and will reserve decision on Federal Capital's motion pending Mr. Markoglu's compliance with further Orders of the Court.

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of these motions only. The Court has made no findings as to the veracity of the parties' allegations.

[6] 15 U.S.C. § 1681 *et seq.*

[7] 15 U.S.C. § 1692 *et seq.*

[8] (D.E. 1, Pl.'s Compl., at 3–4).

[9] *See* (D.E. 94, Order).

[10] (D.E. 102, Letter Order, at 2).

Mr. Markoglu continues to question whether the settlement terms have been met.[11] In response, Federated Capital has filed multiple letters with exhibits ostensibly providing Mr. Markoglu with the proofs he desires.[12] Pursuant to the Court's request at a final status conference on October 24, 2017, Federated Capital filed a letter providing still further information, including emails received by Federated Capital from Mr. Markoglu.[13] Despite Mr. Markoglu's affirmations to the contrary, these emails reflect that Mr. Markoglu was in possession of a fully executed mutual general release, which he mailed to Federated Capital on August 11, 2017.[14] At the October 24, 2017 status conference, Mr. Markoglu also represented that he had both received and cashed the settlement check.

## II. **LEGAL STANDARD**

A federal court sitting in diversity must apply the substantive law of the forum state in deciding questions pertaining to the construction and enforcement of contracts.[15] Under New

---

[11] *See* (D.E. 105, Pl.'s Aug. 7, 2017 Letter (alleging he had waited for the arrival of his mail carrier and "[t]here was nothing in the mail from the Defendant's attorney"); D.E. 106, Pl.'s Aug. 17, 2017 Letter (acknowledging receipt of the settlement check but taking issue with the travel proofs provided by Federated Capital, calling them "fraudulent"); D.E. 107, Pl.'s Oct. 6, 2017 Letter (stating he has not received "the mutual general release from the Defendants . . . properly executed and [with] all signatures in place" and requesting that the case be reopened); D.E. 110, Pl.'s Mot. to Reopen Case & Amend Compl. (claiming "[t]here is no fully executed settlement as of this date[,] October 24, 2017")).

[12] *See* (D.E. 104, Def.'s Aug. 9, 2017 Letter (indicating the mutual release was sent to Mr. Markoglu on August 4, 2017 and providing the Court with copies of the release, as well as the travel proofs requested by Mr. Markoglu); D.E. 109, Def.'s Oct. 18, 2017 Letter (providing the Court with a fully executed mutual release, further receipts substantiating the disputed travel, and proof of the satisfied judgment)).

[13] (D.E. 111, Def.'s Oct. 25, 2017 Letter)).

[14] *Id.*

[15] *See LNT Merch. Co. v. Dyson, Inc.*, No. 08-2883, 2009 WL 2169236, at *1 (D.N.J. July 21, 2009) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188

Jersey law, a settlement agreement between parties to a lawsuit is itself a contract that is separate and independent from the underlying dispute.[16] New Jersey public policy favors settlements.[17] Courts will therefore "strain to give effect to the terms of a settlement wherever possible."[18] "Traditional contract law rules provide that a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms."[19] The burden is on the moving party to establish that the parties entered into a contract of settlement.[20] "Where a contract of settlement is actually held to exist…the party seeking to vacate the settlement must show compelling circumstances."[21] "In general, settlement agreements will be honored absent a demonstration of fraud or other compelling circumstances. . . . Before vacating a settlement agreement, our courts require clear and convincing proof that the agreement should be vacated."[22]

---

(1938); *Cooper Labs. v. Int'l Surplus Lines Ins. Co.,* 802 F.2d 667, 672 (3d Cir. 1986); *Excelsior Ins. Co. v. Pennsbury Pain Ctr.,* 975 F. Supp. 342, 348–49 (D.N.J. 1996)).

[16] *Payer v. Berrones*, No. 12-1704, 2015 WL 4715953, at *2 (D.N.J. Aug. 7, 2015) (internal citation omitted); *Pac. All. Grp. Ltd. v. Pure Energy Corp.*, No. 02-4216, 2006 WL 166470, at *2 (D.N.J. Jan. 23, 2006) (citing *Cooper-Jarrett, Inc. v. Cent. Transp., Inc.,* 726 F.2d 93, 96 (3d Cir.1984)).

[17] *Longo v. First Nat. Mortg. Sources*, 523 F. App'x. 875, 878 (3d Cir. 2013) (citing *Nolan v. Lee Ho,* 120 N.J. 465, 472, 577 A.2d 143, 146 (1990)).

[18] *McDonnell v. Engine Distributors*, No. 03-1999, 2007 WL 2814628, at *3 (D.N.J. Sept. 24, 2007), *aff'd*, 314 F. App'x 509 (3d Cir. 2009) (citing *Dep't of Pub. Advocate, Div. of Rate Counsel v. New Jersey Bd. of Pub. Utilities*, 206 N.J. Super. 523, 528, 503 A.2d 331, 333–34 (App. Div. 1985)).

[19] *Longo v. First Nat. Mortg. Sources*, 523 F. App'x. 875, 878 (3d Cir. 2013) (citing *Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990)).

[20] *LNT Merch. Co.*, 2009 WL 2169236, at *1 (internal citations omitted).

[21] *Bowles v. New York Liberty*, 11-3529(ES), 2014 WL 7148916, at *2 (D.N.J. Dec. 15, 2014) (quoting *Amatuzzo v. Kozmiuk*, 305 N.J. Super. 469, 475 (App. Div. 1996)).

[22] *Nolan by Nolan v. Lee Ho*, 120 N.J. 465, 472, 577 A.2d 143, 146 (1990) (first quoting *Pascarella v. Bruck*, 190 N.J. Super. 118, 124, 462 A.2d 186, 190 (App. Div. 1983); then quoting *DeCaro v.*

4

III. **DISCUSSION AND ANALYSIS**

Defendant has satisfied its burden of establishing that an enforceable settlement contract exists. Mr. Markoglu has concomitantly failed to show that "compelling circumstances" warrant vacating the settlement contract.

A. Existence of the Settlement Contract

"[A] contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms. . . . Thus, so long as the parties agree upon the essential terms of a settlement, leaving the details to be 'fleshed out' in a writing thereafter, courts will enforce settlement agreements notwithstanding the absence of a future writing."[23] The Court finds that a binding agreement to settle this matter was reached on the record on March 13, 2017 when the parties manifested an intent to engage in an offer and acceptance of $1,500 to settle the claims in this case.

The Court further finds that the parties at that time manifested an intent to be bound with a formal written contract to follow. This written agreement was also subsequently executed by both parties.[24]

B. The Settlement Contract Should Not Be Vacated

Now that the Court has found that a settlement contract exists, the burden shifts to Mr. Markoglu to show whether compelling circumstances exist to vacate the settlement. It is well established that "the party seeking to set aside the settlement agreement has the burden of proving

---

*DeCaro*, 13 N.J. 36, 97 A.2d 658 (1953)).

[23] *Excelsior Insurance Co.*, 975 F. Supp. at 349 (quoting *Lahue v. Pio Costa*, 263 N.J. Super. 575, 596, 623 A.2d 775 (App. Div. 1993)).

[24] *See* (D.E. 104-3, Def.'s Aug. 9, 2017 Letter, at 3–6; D.E. 111, Def.'s Oct. 25, 2017 Letter)).

5

. . . extraordinary circumstance[s] sufficient to vitiate the agreement."[25] Further, when considering whether it is appropriate to vacate a settlement, the basic rule pertinent to the decision is whether the movant lacked the "mental capacity to comprehend and understand" the settlement and therefore lacked "the capacity to make a valid contract."[26]

To apparently show "compelling circumstances" warranting his motion to vacate this settlement contract exist, Mr. Markoglu argues that the settlement was not consummated in accordance with the Order of this Court.[27] Mr. Markoglu further alleges Federated Capital "submitted false travel[] exhibits . . . and fabricated and submit[ted] fraudulent exhibits."[28] Though Federated Capital has provided the Court with emails, letters, dated receipts, and even miscellaneous airport receipts to support their compliance with the Court's Order, it is not necessary to rule on those at this time. Rather, as the burden to vacate settlement rests on Mr. Markoglu and he has failed to demonstrate that the settlement was *entered* through fraudulent or coercive means or that he lacked the legal standing or capacity to enter into either the on the record settlement or the subsequent written agreement, the Court finds that Mr. Markoglu has failed to meet his burden to show compelling circumstances that would warrant vacating the settlement.

For these reasons, both Mr. Markoglu's motion to vacate and his motion to reopen the case

---

[25] *Jennings v. Reed*, 381 N.J. Super. 217, 227, 885 A.2d 482, 488 (App. Div. 2005); *see also Bowles v. New York Liberty*, No. CIV.A. 11-3529 ES, 2014 WL 7148976 (D.N.J. 2014); *Kaur v. Assured Lending Corp.*, 405 N.J. Super. 468, 965 A.2d 203 (App. Div. 2009); *Smith v. Fireworks By Girone, Inc.*, 380 N.J. Super. 273, 881 A.2d 1243 (App. Div. 2005); *AT & T Corp. v. Twp. of Morris*, 19 N.J. Tax 319 (2000).

[26] *Wolkoff v. Villane*, 288 N.J. Super. 282, 287, 672 A2d 242, 244 (App. Div. 1996); *see also Eaton v. Eaton*, 37 N.J.L. 108 (Sup. Ct. 1874); *Matthiessen & Weichers Ref. Co. v. McMahon's Adm'r*, 38 N.J.L. 536 (1876).

[27] (D.E. 110, Pl.'s Mot. to Reopen Case & Amend Compl., at 1).

[28] *Id.*

should be denied and Federated Capital's motion to enforce settlement should be granted.

IV. **CONCLUSION**

For the reasons articulated herein, the undersigned respectfully recommends that Mr. Markoglu's Motions to vacate the settlement, reopen the case, and amend his complaint be **DENIED** and that Federated Capital's Motion to enforce the settlement be **GRANTED**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[29] "The District Court need not consider frivolous, conclusive, or general objections."[30]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/8/2017 9:12:07 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

c (via U.S. Mail):

Mr. Anesti Markoglu
22 Whippany Road
Whippany, NJ 07981

---

[29] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[30] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

7